**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 16-4748**

---

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TRAVIS LAYDEN BARE,

            Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:15-cr-00052-RLV-DSC-1)

---

Submitted:  May 9, 2017                      Decided:  May 17, 2017

---

Before MOTZ, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David Alan Brown, Sr., Rock Hill, South Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Travis Layden Bare pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). He was sentenced to 60 months in prison. Bare appeals. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising several issues but concluding that there are no valid grounds for appeal. Bare was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

I

Bare contends that the United States violated Justice Department policy and due process by requiring him to plead guilty to an offense carrying a mandatory minimum sentence. The 2013 policy statement urged prosecutors in certain cases to decline to charge the quantity of drugs necessary to trigger the statutory mandatory minimum.

Because Bare did not raise this issue below, our review is for plain error. *See United States v. Rangel*, 781 F.3d 736, 745 (4th Cir. 2015). To establish plain error, Bare must show that an error occurred, the error was plain, and it affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). We will not exercise our discretion to correct plain error unless the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id*

Bare's claim lacks merit. Government policy statements, unless mandated by the Constitution or statute, do not confer any rights or privileges on an individual defendant. *United States v. Caceres*, 440 U.S. 741, 749 (1979); *United States v. Thompson*, 579 F.2d

2

1184, 1189 (10th Cir. 1978). There is no constitutional provision or statute that requires a prosecutor to charge an offender with a crime that does not carry a mandatory minimum.

## II

Bare claims that the district court erred when it assigned two criminal history points for his 2009 convictions of misdemeanor carrying a concealed weapon and felony possession of methamphetamine and two points for his 2010 conviction of misdemeanor defrauding drug and alcohol screening. For the 2009 convictions, Bare received a suspended sentence of five-six months and 18 months' probation. At sentencing for the 2010 offense, the court: sentenced Bare to 120 days in jail for the drug screening offense; and revoked his probation for the 2009 offenses and reinstated his suspended sentence.

Bare's position is that he should have received only two points because, arguendo, he received a consolidated sentence for the 2009 and 2010 offenses. If he is correct, he would have only three criminal history points, placing him in criminal history category II. This would have reduced his Guidelines range from 70-87 months to 63-78 months.

This issue also was not raised below, and our review is for plain error. *See Olano*, 507 U.S. at 732. If the district court did mistakenly assign four criminal history points instead of two, Bare cannot show that the error affected his substantial rights. Ordinarily, a defendant can make such a showing by simply demonstrating that he received a sentence under an incorrect, higher Guidelines range. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016). However, the 60-month sentence Bare received—the statutory minimum—fell below both Guidelines ranges. The district court was not at

3

liberty to sentence Bare to less than 60 months because the Government did not file an 18 U.S.C. § 3553(e) (2012) motion, and Bare was ineligible for the safety valve, 18 U.S.C. § 3553(f) (2012). *See United States v. Allen*, 450 F.3d 565, 568-69 (4th Cir. 2006). Thus, Bare received the lowest sentence possible,[*] regardless of what his correct Guidelines range was. Accordingly, any error did not affect his substantial rights, and Bare failed to establish plain error.

## III

At sentencing, defense counsel requested a sentence below the mandatory minimum of 60 months based on Bare's substantial assistance. Counsel noted that the Government had not filed an 18 U.S.C. § 3553(e) motion despite Bare's request that it do so. The prosecutor responded that he had been authorized to move for a variance sentence of 60 months under 18 U.S.C. § 3553(a) (2012). The district court implicitly granted this motion by imposing a 60-month sentence.

Bare raises two issues regarding substantial assistance. First, he contends that the United States breached the plea agreement by not making a substantial assistance motion. Second, Bare asserts that the district court erred when it did not compel the Government to move for a sentence below the statutory minimum based on his substantial assistance.

If the Government is not obligated to move for a departure based on substantial assistance, and there is no evidence that the failure to so move is based on an

---

[*] He was ineligible for application of the safety valve because he had more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1) (2012).

unconstitutional motive, the district court cannot compel the Government to make such a motion. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Allen*, 450 F.3d 565, 568-69 (4th Cir. 2006). Similarly, the Government's decision not to move for a downward departure generally is unreviewable, absent an affirmative obligation to do so or some unconstitutional motivation. *United States v.* Snow, 234 F.3d 187, 190 (4th Cir. 2000). Here, the Government did not agree to make a substantial assistance motion, and nothing in the record suggests that the failure to make such a motion was unconstitutionally motivated. We therefore conclude that Bare's claims are without merit.

IV

Bare received a letter in March 2015 informing that he was a target of a grand jury investigation into methamphetamine dealing. He contacted an attorney; however, the attorney did not encourage Bare to contact the Government to offer assistance and did not approach the Government himself to arrange a debriefing. Counsel's inaction amounts to ineffective assistance, Bare asserts.

"Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance. . . . Otherwise, the proper avenue for such claim is a 28 U.S.C. § 2255 [(2012)] motion filed with the district court." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record does not conclusively establish ineffectiveness.

V

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Bare, in writing, of the right to petition the Supreme Court of the United States for further review. If Bare requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bare. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*